## MABEL C. TUCKER

### v.

## ALEXANDER P. BALDWIN et al.

[Decided May 28th, 1907.]

Under a will giving testator's wife the income for life, and showing intention that on her death the estate pass to his children, the discretionary power given the executor to sell and reinvest in real estate sufficiently productive to pay income is limited to the life of the widow.

Heard on bill and answer.

*Messrs. Condict, Condict & Boardman,* for the complainant.

*Messrs. Pilch & Pilch,* for the defendant Alex. P. Baldwin.

GARRISON, V. C.

The object of this bill is to obtain a partition of certain real estate in the city of Newark, in this state, of which Joseph Baldwin, died seized.

The parties are the heirs-at-law of said Joseph Baldwin, and also claim that, under the will of the said Joseph Baldwin, deceased, they are the devisees of the real estate in question.

Joseph Baldwin died on the 22d of September, 1874, leaving a will, dated April 1st, 1870, and probated on the 5th of October, 1874. Among other things, the will contained the following provisions:

"I do make Aaron Ward, Junior, David Martin and Alexander P. Baldwin my executors of this my last will and testament, their joint signatures being necesary to make all transactions legal growing into and out of this will.

"I bequeath to my affectionate wife Margaret * * * allso for the time she shal reman my widdow all rents, intrests and profeets into and out of my estate * * *.

"All other property in which I may die ceased if at the discretion of my executors is shal be of more advantage to sell it the proceds shal be invested in unencumbered real estate it being suficent productive to pay intest & Co. acruing to my said wife during her natural life as above provided and limited * * *.

"At the death of my said wife the intest so acruing shal be paid equally to my living chinden or their heirs share alike, the childen receiving the share coming to my childen."

The three executors above named took out letters testamentary. Aaron Ward, Jr., one of them, died on the 29th of December, 1894; David Martin, another one, died in the year 1904. Margaret Baldwin, the widow of the testator, died on the 21st day of August, 1897, having remained unmarried after the testator's death. The complainant is a granddaughter of the testator.

The executors, during the lifetime of the widow of the testator, did not sell or dispose of the real estate of which the testator died seized, described in the bill of complaint.

The bill and the answer each construe this will as vesting title in fee in the children, or the children of deceased children, of the testator, after the death of the widow of the testator.

15

This bill was under consideration in this court and in the court of appeals in the case of *Baldwin* v. *Tucker, 61 N. J. Eq. (16 Dick.) 412 (Vice-Chancellor Emery, 1901)*, affirmed on opinion below, *64 N. J. Eq. (19 Dick.) 383*. Under the issues raised in that suit this court decided that, under this will, the *corpus* of the personal estate passed at the death of the testator's widow to the testator's children. It expressly refused to decide, because it was not then before it, whether this will should be so construed as to devise a fee to the said children, holding that the executors had no estate or interest in the lands, but only a power of sale.

It is the existence of this alleged power of sale which is pleaded by the defendant as a bar to the right of partition. The parties in this suit agree that the will properly construed contains a devise of the real estate to the living children or the children of any deceased child. I do not find it necessary now to decide whether this will should be so construed, because the parties either take as devisees under the will or as heirs-at-law, if the testator died intestate with respect to his real estate, and, therefore, since they are all before the court and would have the right to partition in either event, if the power of sale does not bar the right, there is no occasion now to take the time to determine in which right they hold.

The defendant insists that, under the terms of this will, the executors were given a power of sale, and that such power is exercisable by the surviving executor, and, therefore, there may not be a partition.

The complainant insists, first, that this power is a naked power, and that in the case of a naked power to executors to sell, such power does not survive the death of one of the named executors. *Moores* v. *Moores, 41 N. J. Law (12 Vr.) 440 (Supreme Court, 1879)*; *Corlies* v. *Little, 14 N. J. Law (2 Gr.) 383 (Supreme Court, 1834)*; *Coykendall* v. *Rutherford, 2 N. J. Eq. (1 Gr. Ch.) 360 (Chancellor Pennington, 1840)*. She recognizes that this rule of the common law has been changed by statute *(2 Gen. Stat. 1428 § 17)*, but she insists that in that act the power is held to survive "unless it shall be or is other-

wise expressed in said will," and she argues that this will does express the intention of the testator that the power shall not survive, because he provides that "their joint signature, being necessary to make all transactions legal, growing into and out of this will."

I am inclined to the opinion that if the power of sale in this will is construed to be such an one as was exercisable by the executors after the death of the widow, this statute probably is broad enough in its terms to cause the power to survive to the remaining executor. I do not, however, consider it necessary to decide this question, because, in my view, it is clear that the power of sale conferred by this will upon the executors was solely to be exercised during the lifetime of the widow and for the purpose solely of enabling them to make investments of the proceeds of sale at a greater rate of interest or income than that procurable from the real estate of the testator.

Translating the badly-constructed and badly-spelled clause (above quoted *verbatim*), I find that this testator provided that all other property of which he died seized might, at the discretion of the executors, be sold if they found that it was of more advantage to the interests of the widow to sell it so that the proceeds might be invested in unencumbered real estate sufficiently productive to pay income, which income was to go to his widow during her natural life.

After the death of his widow he clearly intended that the estate should go to his children, or the living children of any of his deceased children, whether he legally expressed such intention or not.

I am of the opinion, therefore, that the naked power of sale vested in these executors by this will was limited during the lifetime of the widow and terminated at her death.

The general principle will be found stated and supported by numerous authorities in *22 Am. & Eng. Encycl. L. (2d ed.) 1132,*

"Where a power is given to be exercised for a particular purpose, and such purpose has failed or has been accomplished without the exercise of the power, the power is exhausted."

I therefore conclude that the only matter set up by the answering defendant in this suit is not sufficient to defeat the equity of the complainant, and that there should be a reference in the ordinary form to determine the interests of the parties and the question of whether the property should be sold or partitioned.